The Honorable Rosanna Malouf Peterson

Sarah N. Turner, WSBA No. 37748
Gordon & Rees, LLP
701 5th Avenue, Suite 2100
Seattle, Washington 98104
Phone: (206) 695-5100
Fax: (206) 689-2822
sturner@gordonrees.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| NORMA MAXWELL,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>VIRTUAL EDUCATION SOFTWARE, INC., a Nevada corporation,<br><br>　　　　　　　　Defendant. | No. CV-09-173-RMP<br><br>DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS |

## I.　INTRODUCTION

Defendant Virtual Education Software, Inc. ("VESi") hereby submits its reply memorandum in support of its Motion to Exclude Plaintiff's Expert Witness. VESi respectfully requests that this Court grant its motion and exclude plaintiff Norma Maxwell's ("Maxwell") expert witness, Dr. Jane Halpert, at trial based on the fact that her testimony is not relevant or reliable.

This reply is supported by: (1) the pleadings and records in the Court's file; and (2) the Declaration of Sarah Turner in Support of Defendant's Reply Memorandum in Support of Motion to Exclude Plaintiff's Expert Witness, including the exhibits thereto, filed herein.

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS - 1

Case No. CV-09-173-RMP

Gordon & Rees LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Ph: 206-695-5100
Fax: 206-689-2822

## II.  LEGAL ARGUMENT

### A.  Dr. Halpert's Testimony is Not Reliable

Judges have broad discretion in determining the admissibility of expert witness testimony. See Henricksen v. ConocoPhillips Co., 605 F. Supp.2d 1142, 1153 (2009) (citing United States v. Hankey, 203 F.3d 1160, 1168 (9th Cir. 2000). In applying the Daubert standard, the expert testimony must be reliable and relevant. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589, 113 S.Ct. 2786 (1993). Here, Dr. Halpert's testimony is not reliable as evidenced by her report in which she opines as to the credibility of the allegations and gives her ultimate conclusion as to whether stereotyping occurred in this case.

Plaintiff relies on Tuli v. Brigham & Women's Hospital, Inc., 592 F. Supp.2d 208 (2009), and Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775 (1989), to support the testimony of her expert witness. However, these cases are distinguishable from the expert testimony offered by Dr. Halpert. In Tuli, the Court allowed a social psychologist to testify about the operations of stereotyping and discrimination based on empirical research. Id. at 215. The Court made it clear that the testimony was admissible because the expert did not opine as to the credibility of the allegations or give an ultimate conclusion. Id. Similarly, in Price Waterhouse, the expert was allowed to testify as to patterns of stereotyping without "indicating whether any particular comment was the result of stereotyping." Id. at 235-36. Contrary to the expert witnesses in Tuli and Price Waterhouse, the expert's testimony in Chadwick v. Wellpoint, Inc., 550 F.Supp.2d 140 (D. Me. 2008) was excluded because the Court concluded the testimony would not be helpful to the fact-finder. Id. at 143. In particular, the expert's testimony was excluded because the expert provided opinions

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS - 2

Case No. CV-09-173-RMP

Gordon & Rees LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Ph: 206-695-5100
Fax: 206-689-2822

about the specifics of the case and specifically opined about the meanings behind a supervisor's comments in an interview with the plaintiff. Id. at 147.

In this matter, Dr. Halpert's testimony is more reflective of the expert in Chadwick, than in Tuli or Price Waterhouse. In Dr. Halpert's report, she specifically applies the facts to this case and makes conclusions about stereotyping and discrimination in this matter. For example, Dr. Halpert provides a detailed opinion, citing to allegations in the case, where she forms her conclusions that the denial of Ms. Maxwell's schedule was based on a stereotype of working mothers, and that plaintiff being told she had a bad attitude was a stereotype that was consistent with pregnancy-related conditions and new mothers. See Declaration of Sarah N. Turner In Support of Reply Memorandum in Support of Motion to Exclude Plaintiff's Expert Witness ("Turner Decl."), Exhibit 1. Furthermore, Dr. Halpert cited to facts that were presented by plaintiff, but she ignored the facts related to VESi's position. The facts relied upon by Dr. Halpert are in obvious dispute, and Dr. Halpert is acting as an advocate for the plaintiff and making conclusions, which is the role of the fact-finder. Therefore, based on Dr. Halpert's conclusions, her testimony is not reliable, and she should be precluded from testifying.

### B. Dr. Halpert's Testimony is Not Relevant

In its Motion to Exclude Plaintiff's Expert Witness, VESi cites to many cases where Courts have held that "it takes no special training to discern sex stereotyping." See Price Waterhouse, 490 U.S. at 256; Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 120 (2nd Cir. 2004); and Chadwick v. Wellpoint Inc., 561 F.3d 38, 48 (1st Cir. 2009). Plaintiff asserts that social psychologists have been allowed to testify to gender stereotyping in the workplace. As stated above, some courts have allowed the expert testimony

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS - 3

Case No. CV-09-173-RMP

Gordon & Rees LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Ph: 206-695-5100
Fax: 206-689-2822

when the expert does not provide an opinion or conclusion as to whether stereotyping occurred in the specific situation.  On appeal, the appellate courts have concluded that "it takes no special training to discern sex stereotyping."  <u>See id</u>.  Here, Dr. Halpert will be applying the facts of the case to her research on stereotyping.  Such testimony is not only biased and not helpful to the fact-finder, but it also does not require specialized expert knowledge.  Accordingly, Dr. Halpert's testimony is not relevant and should be excluded.

### C. Dr. Halpert's Testimony Should Be Limited

The Court should preclude Dr. Halpert from testifying because her testimony is not relevant or reliable.  However, in the alternative, should the Court decide to allow Dr. Halpert to testify, her testimony should be solely limited to the explanation of stereotyping and how it operates.  Dr. Halpert must be precluded from applying her empirical research to this case and offering her opinion or conclusions as to whether certain alleged comments made by VESi consisted of stereotyping.

### III. CONCLUSION

For all of the reasons stated above, VESi respectfully requests that the Court grant defendant's motion to exclude plaintiff's expert witness Dr. Halpert.

Dated: July 14, 2010

GORDON & REES LLP

By: _/s/ Sarah N. Turner_
David W. Silke, WSBA No. 23761
Sarah N. Turner, WSBA No. 37748
Attorneys For Defendant
dsilke@gordonrees.com
sturner@gordonrees.com

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS - 4

Case No. CV-09-173-RMP

Gordon & Rees LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Ph: 206-695-5100
Fax: 206-689-2822

# CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kammi M. Smith
Winston & Cashatt
W. 601 Riverside Ave., Ste. 1900
Spokane, WA 99201
klm@winstoncashatt.com

Janet S. Chung
Legal Voice
907 Pine Street, Suite 500
Seattle, WA 98101-1818
jchung@legalvoice.org

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

N/A

DATED this 14th day of July, 2010.

By: /s/ Sarah N. Turner
Sarah N. Turner
GORDON & REES LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100
Facsimile: (206) 689-2822
sturner@gordonrees.com

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS - 5

Case No. CV-09-173-RMP

Gordon & Rees LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Ph: 206-695-5100
Fax: 206-689-2822